FILED
CLERK, U.S. DISTRICT COURT
JUN 10 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RAY SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>E. J. SMITH, et al.,<br><br>  Defendants. | Case No. CV 10-01725 SJO (AN)<br><br>ORDER DISMISSING §1983 CIVIL RIGHTS ACTION FOR DISOBEDIENCE WITH COURT ORDER AND FAILURE TO PROSECUTE [Fed.R.Civ.P. 41(b)] |

## I. BACKGROUND

On May 12, 2010, the Magistrate Judge issued an Order directing Plaintiff Noel Ray Smith ("Plaintiff"), a state prisoner, to file his first amended complaint ("FAC") by May 26, 2010, as previously directed by the Magistrate Judge's 5/6/10 Order. (5/12/10 Order (AN) (dkt. 5).) The 5/12/10 Order expressly notified and warned Plaintiff that his failure to comply with the 5/12/10 Order and prior 5/6/10 Order would result in the dismissal of this action for disobedience with court orders pursuant to Fed. R. Civ. P. 41(b), and that "no further notice will be given."

Plaintiff failed to file his FAC by the May 26, 2010 deadline, which has long since passed.

///

///

## II. DISCUSSION

District courts may dismiss an action based on a plaintiff's failure to comply with a court order or want of prosecution. Fed. R. Civ. P. 41(b) ("Rule 41(b)"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.), *cert. denied*, 516 U.S. 838, 116 S. Ct. 119 (1995) (affirming dismissal of prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's civil rights complaint for failure to comply with district court's order to file an amended pleading).

In determining whether to dismiss a claim for disobedience with a court order or the failure to prosecute, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Ferdik*, 963 F.2d at 1260-61.

All five factors favor dismissal of Plaintiff's complaint and the pending action. Plaintiff's failure to file his FAC in the time directed by the 5/12/10 Order has: (1) interfered with the defendants' right to be notified of the claims in a prompt manner and to prepare defenses thereto, (2) interfered with the public's interest in the expeditious resolution of this action, and (3) interfered with the court's need to manage its busy docket. Even the fourth factor -- the public policy favoring a disposition of cases on the merits -- favors a dismissal where, as here, Plaintiff has failed to file an FAC raising meritorious claims despite being given an opportunity to do so. Finally, the court's warning to Plaintiff that this action would be dismissed if he did not file the FAC in the time and manner directed by the 5/12/10 Order constitutes a less drastic measure that was available and used by the court to compel his compliance before dismissal. Plaintiff's

disobedience with this less drastic measure leads the court to find further less drastic measures would be futile, and that an immediate dismissal of this action is warranted.

Finally, the Ninth Circuit recently held "[t]he failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004).

### III. CONCLUSION

For the reasons set forth above, the reference to the Magistrate Judge is vacated, and this action is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b). All pending motions are terminated and the clerk is directed to enter judgment accordingly and notify Plaintiff.

Dated: June 9, 2010

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge